IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| HERBERT LOUIS BURDEAU, | Cause No. CV 11-68-M-DWM |
| | CR 96-42-GF-DWM |
| Petitioner, | |
| vs. | ORDER DISMISSING MOTION |
| | AND DENYING CERTIFICATE |
| J.E. THOMAS, Warden, | OF APPEALABILITY |
| Respondent. | |

On July 9, 2010, Petitioner Herbert Louis Burdeau filed, in the District of Oregon, a petition for writ of habeas corpus under 28 U.S.C. § 2241. Burdeau is a federal prisoner proceeding pro se. On April 29, 2011, the petition was transferred to this District because Burdeau challenges the validity of his five-year consecutive sentence under 18 U.S.C. § 924(c). See Pet. (doc. 2) at 4.

Burdeau's argument is precluded by Abbott v. United States, ___ U.S. ___, 131 S. Ct. 18, 23 (2010). That hardly matters, however, because his petition is plainly an unauthorized second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. As Burdeau well knows, see, e.g., Order (doc. 171); Order (doc. 174); Order (doc. 176); Order (doc. 178), he must apply to the Ninth Circuit

Court of Appeals for leave to proceed with such a motion, 28 U.S.C. §§ 2255(h), 2244(b). A district court lacks jurisdiction to consider his claims. Burton v. Stewart, 549 U.S. 147, 149 (2007).

A certificate of appealability will be denied because the nature of Burdeau's petition/motion is clear[1] and, given Abbott, he makes no showing that his constitutional rights have been violated. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Burdeau's petition is RECHARACTERIZED as an unauthorized second or successive motion under 28 U.S.C. § 2255;

2. The motion (doc. 2) is DISMISSED;

3. A certificate of appealability is DENIED;

4. The Clerk of Court shall file Burdeau's petition and this Order under the criminal cause number, CR 96-42-M-DWM, and shall enter a judgment of dismissal in this case.

DATED May 10, 2011.

Donald W. Molloy
United States District Court

---

[1] A district court must give notice and an opportunity to amend before recharacterizing a pro se submission as a first motion under 28 U.S.C. § 2255. Castro v. United States, 540 U.S. 375, 377 (2003). The § 2241 petition is Burdeau's fifth § 2255 motion.